T.C. Memo. 2011-115



UNITED STATES TAX COURT



BOBBI JEAN A. MBUGUA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10679-09.                    Filed June 1, 2011.



<u>Paul J. Mansur</u>, for petitioner.

<u>Erika B. Cormier</u>, for respondent.



MEMORANDUM OPINION


HALPERN, <u>Judge</u>:  Respondent has determined a deficiency of $4,856 with respect to petitioner's 2007 Federal income tax. Taking into account concessions by petitioner, the issues for decision are whether petitioner is entitled to (1) a dependency exemption deduction for her son, W.M.P., (2) head of household filing status, and (3) an earned income credit.

Unless otherwise stated, all section references are to the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The parties submitted this case fully stipulated under Rule 122.  The stipulated facts are so found, and the stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

Petitioner bears the burden of proof.  See Rule 142(a).[1]

## Background

Petitioner resided in New Hampshire at the time she filed the petition.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2007.  On the Form 1040, she elected head of household filing status and claimed W.M.P. as a dependent.  She claimed a dependency exemption deduction on account of W.M.P.  She also claimed an earned income credit of $4,690.

W.M.P. was born in 1996 and is a citizen of the United States.  He was not married during 2007.

Petitioner and W.M.P.'s father (father) have never been married and did not live together during 2007.

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  We conclude that sec. 7491(a) does not apply here because petitioner has not produced any evidence that she has satisfied the preconditions for its application.

Petitioner cannot document the number of days W.M.P. was actually present in her home during 2007.

Petitioner did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any other written declaration indicating father would not claim W.M.P. as a dependent, to the Form 1040.

Discussion

## I. The Dependency Exemption

Section 151 allows deductions for personal exemptions. An unmarried individual is entitled to a personal exemption for himself or herself and an additional exemption for each dependent. See sec. 151(c). The term "dependent" is defined in section 152(a) to include either a "qualifying child" or a "qualifying relative". Those terms are, in turn, defined in section 152(c) and (d), respectively. Petitioner makes no argument that W.M.P. is her dependent by virtue of being a qualifying relative, and she has failed to show that W.M.P. was, with respect to her for 2007, a qualifying child. Two necessary conditions of qualifying child status are (1) that the child and the taxpayer have the same principal place of abode for more than one-half of the taxable year and (2) that the child not provide more than one-half of his or her own support (e.g., from receipt of public assistance) for the taxable year. See sec.

152(c)(1)(B), (D).  Petitioner has failed to show that she satisfies either condition.[2]

Petitioner has also failed to show that W.M.P. would be a qualifying child under the special rule for parents living apart found in section 152(e)(1).  She has not shown that she attached a written declaration to the Form 1040, as required by section 152(e)(2)(B).

Put simply, petitioner has failed to carry her burden of proving her entitlement to a dependency exemption deduction for W.M.P.

## II.  Head of Household Filing Status

Section 1(b) applies an advantageous tax rate to the taxable income of an individual who qualifies as "head of a household".  Compare sec. 1(b) with sec. 1(c) (rate generally applicable to taxable income of unmarried individuals).  As pertinent to this case, the term "head of a household" is defined in section 2(b)(1) to mean an individual unmarried at the end of the taxable year who, among other things, "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of * * * [among others] a qualifying child * * * (as defined in sec.

---

[2]In fact, our examination of the Parenting Plan, dated Nov. 17, 2005, stipulated by the parties, would seem to indicate that, if its terms were followed during 2007, W.M.P. could not have had the same principal place of abode as petitioner for more than half of that year.

152(c) * * *)". For reasons similar to those discussed above, petitioner has failed to prove her entitlement to head of household filing status for 2007.

III. Earned Income Credit

Section 32(a) allows an eligible individual an earned income credit. As pertinent to this case, section 32(c)(1)(A)(i) defines an eligible individual as "any individual who has a qualifying child" within the meaning of section 152(c). For reasons similar to those discussed above, petitioner has failed to show her entitlement to an earned income credit for 2007.

IV. Conclusion

We sustain respondent's adjustments giving rise to the deficiency in petitioner's 2007 Federal income tax.

Decision will be entered

for respondent.